CAMACHO MAURO MULHOLLAND, LLP
12 Roszel Road - Suite A-204
Princeton, New Jersey 08540
(609) 452-7999   Fax: (609) 452-9222
Attorneys for Defendant:  Boardwalk Regency Corporation, d/b/a Caesars Atlantic City
Our File No.: HARJ-2557-C

---

| | |
|---|---|
| ROBERT and KATHERINE TRACY,<br>Individually and as H/W,<br>111 Davis Road<br>Rio Grande, NJ 08242 | : UNITED STATES DISTRICT COURT<br>: DISTRICT OF NEW JERSEY<br>:<br>: DOCKET NO.: 1:10-CV-01381-JBS<br>: |
| Plaintiffs,<br>vs. | : CIVIL ACTION<br>: |
| BOARDWALK REGENCY CORPORATION<br>d/b/a CAESARS ATLANTIC CITY | : ***Third-Party Complaint***<br>:<br>: |
| Defendants. | : |

---

| | |
|---|---|
| BOARDWALK REGENCY CORPORATION<br>d/b/a CAESARS ATLANTIC CITY | :<br>:<br>: |
| Defendant/Third-Party Plaintiff<br>vs. | :<br>:<br>: |
| ACCENT FENCE AND NEWORK<br>CONSTRUCTION CO., INC., | :<br>:<br>: |
| Third-Party Defendants | : |

---

Defendant/Third-Party Plaintiff Boardwalk Regency Corporation, d/b/a Caesar's Atlantic City by its attorneys CAMACHO MAURO MULHOLLAND, LLP, as and for a third-party complaint against third-party defendants, Network Construction Co., Inc., ("Network Construction") and Accent Fence upon information and belief, respectfully alleges that at all times hereinafter mentioned:

### *AS AND FOR A FIRST CAUSE OF ACTION*

FIRST:  Third-party defendant Network Construction is a sole proprietorship, partnership or corporation conducting business in the State of New Jersey.

SECOND: That prior to May 13, 2008, Network Construction entered into a construction agreement (hereinafter "agreement") with Boardwalk Regency Corporation referred to as the Temple Tower Refurbishment regarding work at Caesar's Casino and Hotel in Atlantic City, New Jersey (Attached hereto as **Exhibit A** is a copy of that agreement).

THIRD: That Boardwalk Regency Corporation is the owner of the premises known as Caesar's Casino and Hotel in Atlantic City, New Jersey.

FOURTH: That Network Construction maintained a Certificate of Insurance with Central Insurance Company, Policy No., CLP7957766, which named Boardwalk Regency Corporation as an additional insured.

FIFTH: On March 16, 2010, Plaintiffs, Robert and Katherine Tracy commenced a lawsuit against third-party plaintiff to recover damages for personal injuries (Attached hereto as **Exhibit B** and incorporated herein by reference is a copy of the Summons and Complaint served by plaintiffs).

SIXTH: That if the allegations in said complaint, all of which are specifically denied by Boardwalk Regency Corporation, are established at the trial of this action, then the damages and injuries sustained by plaintiff resulted from the negligence of third-party defendant Network Construction.

SEVENTH: If plaintiff sustained any of the damages alleged, other than through his own negligence, and if defendants/third-party plaintiffs Boardwalk Regency Corporation, are held liable for any portion of those damages, which it denies, those damages were caused by the negligent acts and/or omissions of third-party defendant Network Construction with the negligence, if any, on the part of the defendant/third-party plaintiffs being passive or derivative only.

EIGHTH: In the event plaintiff recovers damages against the defendant/third-party plaintiffs Boardwalk Regency Corporation for any of the alleged damages, third-party defendants Network Construction will be liable to indemnify the defendants/third-party plaintiffs for all such judgment.

### *AS AND FOR A SECOND CAUSE OF ACTION*

NINTH: The defendant/third party plaintiff repeats, reiterates and realleges each and every allegation heretofore alleged herein with the same force and effect as if more fully set forth herein.

TENTH: If plaintiff sustained any of the alleged damages other than through the negligence of the plaintiff, and if the defendant/third-party plaintiff Boardwalk Regency Corporation is held liable for any portion of those damages, which it denies, those damages were caused in whole or in part by the negligent acts and/or omissions of the third-party defendant Network Construction and not by any negligence on the part of the defendants/ third-party plaintiff Boardwalk Regency Corporation.

ELEVENTH: In the event plaintiff should recover against defendants/third-party plaintiffs Boardwalk Regency Corporation for any of the damages alleged in the complaint, third-party defendants Network Construction shall be liable to indemnify defendants/third-party plaintiffs on the basis of apportionment of responsibility, for all or part of any judgment in such proportion as the court or jury may direct.

### *AS AND FOR A THIRD CAUSE OF ACTION*

TWELFTH: The defendants/third party plaintiffs Boardwalk Regency Corporation repeats, reiterates and re-alleges each and every allegation heretofore alleged herein with the same force and effect as if more fully set forth herein.

THIRTEENTH: That pursuant to the agreement third-party defendant Network Construction agreed to indemnify and hold harmless Boardwalk Regency Corporation, as well as the owners of the premises and all agents and employees from any claims arising from its work **(See Exhibit A)**.

FOURTEENTH: That as a result the third-party defendant Network Construction is obligated to indemnify and hold harmless the defendant/third-party plaintiff Boardwalk Regency Corporation.

## *AS AND FOR A FOURTH CAUSE OF ACTION*

FIFTEENTH: The defendants/third party plaintiffs Boardwalk Regency Corporation repeats, reiterates and re-alleges each and every allegation heretofore alleged herein with the same force and effect as if more fully set forth herein.

SIXTEENTH: The second third-party defendant Accent Fence is a sole proprietorship, partnership or corporation conducting business in the State of New Jersey.

SEVENTEENTH: That prior to May 13, 2008, Accent Fence entered into a construction agreement (hereinafter "subcontract agreement") with Network Construction regarding subcontract work at Caesar's Casino and Hotel in Atlantic City, New Jersey.

EIGHTEENTH: That pursuant to the "subcontract agreement" Accent Fence agreed to obtain insurance and name Boardwalk Regency Corporation as an additional insured under its insurance policy.

NINETEENTH: On March 16, 2010, Plaintiffs, Robert and Katherine Tracy commenced a lawsuit against third-party plaintiff to recover damages for personal injuries (Attached hereto as **Exhibit B** and incorporated herein by reference is a copy of the Summons and Complaint served by plaintiffs).

TWENTIETH: That if the allegations in said complaint, all of which are specifically denied by, Boardwalk Regency Corporation, are established at the trial of this action, then the damages and injuries sustained by plaintiff resulted from the negligence of third-party defendant Accent Fence.

TWENTY-ONE: If plaintiff sustained any of the damages alleged, other than through his own negligence, and if defendants/third-party plaintiffs Boardwalk Regency Corporation, are held liable for any portion of those damages, which it denies, those damages were caused by the negligent acts and/or omissions of the third-party defendant Accent Fence with the negligence, if any, on the part of the defendant/third-party plaintiffs being passive or derivative only.

TWENTY-TWO: In the event plaintiff recovers against the defendant/third-party plaintiff Boardwalk Regency Corporation for any of the alleged damages, third-party defendant Accent Fence will be liable to indemnify the defendants/third-party plaintiffs for all such judgment.

## *AS AND FOR A FIFTH CAUSE OF ACTION*

TWENTY-THREE The defendants/third party plaintiffs repeats, reiterates and realleges each and every allegation heretofore alleged herein with the same force and effect as if more fully set forth herein.

TWENTY-FOUR: If plaintiff sustained any of the alleged damages other than through the negligence of the plaintiff, and if the defendant/ third-party plaintiff Boardwalk Regency Corporation is held liable for any portion of those damages, which it denies, those damages were caused in whole or in part by the negligent acts and/or omissions of the third-party defendant Accent Fence and not by any negligence on the part of the defendants/ third-party plaintiff Boardwalk Regency Corporation.

TWENTY-FIVE: In the event plaintiff should recover against defendants/third-party plaintiffs Boardwalk Regency Corporation for any of the damages alleged in the complaint, third-party defendants Accent Fence shall be liable to indemnify defendants/third-party plaintiffs on the basis of apportionment of responsibility, for all or part of any judgment in such proportion as the court or jury may direct.

## AS AND FOR A SIXTH CAUSE OF ACTION

TWENTY-SIX: The defendants/third party plaintiffs Boardwalk Regency Corporation d/b/a Caesar's Atlantic City repeats, reiterates and re-alleges each and every allegation heretofore alleged herein with the same force and effect as if more fully set forth herein.

TWENTY-SEVEN: That pursuant to the subcontract agreement, third-party defendant Accent Fence agreed to indemnify and hold harmless Boardwalk Regency Corporation d/b/a Caesars Atlantic City, as well all agents and employees from any claims arising from its work.

TWENTY-EIGHT: That as a result the third-party defendant Network Construction is obligated to indemnify and hold harmless the defendant/third-party plaintiff Boardwalk Regency Corporation d/b/a Caesars Atlantic City.

## AS AND FOR A SEVENTH CAUSE OF ACTION

TWENTY-NINE: The defendants/third party plaintiffs Boardwalk Regency Corporation d/b/a Caesar's Atlantic City repeats, reiterates and re-alleges each and every allegation heretofore alleged herein with the same force and effect as if more fully set forth herein.

THIRTEITH: That pursuant to the subcontract agreement, third-party defendant Accent Fence agreed to procure and maintain at Contractor's own expense, insurance as provided in the Contract Appendix, against claims for injuries to persons or damages to property which may arise out of or result from the performance of the Contractor's work.

<u>THIRTY-ONE:</u> That as a result the third-party defendant Network Construction is obligated to indemnify and hold harmless the defendant/third-party plaintiff Boardwalk Regency Corporation d/b/a Caesars Atlantic City.

WHEREFORE, defendant/ third-party plaintiff, Boardwalk Regency Corporation d/b/a Caesars Atlantic City, demands judgment dismissing the plaintiff's complaint, and further demands that in the event the plaintiff recovers a verdict or judgment against the defendant/third-party plaintiff Boardwalk Regency Corporation, then the defendants/third-party plaintiff Boardwalk Regency Corporation d/b/a Caesars Atlantic City demands judgment over and against the third-party defendants Network Construction and Accent Fence and further demands that the ultimate rights of the defendant/third-party plaintiff as between themselves be determined in this action and that the defendant/third-party plaintiff have judgment over and against the third-party defendants for all or that portion of any verdict or judgment which may be obtained herein by the plaintiff against this defendant/third-party plaintiff to the extent that the responsibility of the third-party defendants contributed thereto, plus all attorneys' fees and all costs herein, together with the costs and disbursements of this action.

Dated: Princeton, New Jersey
      August 24, 2010

CAMACHO MAURO MULHOLLAND, LLP

_____
Eric S. Malinowski, Esq.

CAMACHO MAURO MULHOLLAND
12 Roszel Road - Suite A-204
Princeton, New Jersey 08540
(609) 452-7999 fax: (609) 452-9222
Attorneys for Defendant: Boardwalk Regency Corporation, d/b/a, Caesar's Atlantic City.
Our File No.: HARJ-2557-C

PROOF OF MAILING: On August 24, 2010, I, the undersigned, mailed to:

Matthew B. Weisberg, Esq.
Weisberg Law, P.C.
7 South Morton Avenue
Morton, Pennsylvania 19070
(610) 690-0801
(610) 690-0880 Fax
Attorneys for Plaintiffs

Accent Fence
1450 Bremen Avenue
Egg Harbor City, NJ 08215

Accent Fence
301 Boardwalk
Atlantic City, NJ 08401

Network Construction Co., Inc.
1410 South New Road
PO BOX 1475
Pleasantville, NJ 08232


by prepaid First-Class Mail, a copy of the attached:

**Third-Party Complaint**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.


Dated: New York, New Jersey
       August 24, 2010

Gloria Zapata