IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROBERT and KATHERINE TRACY, <br><br> Plaintiffs, <br><br> v. <br><br> BOARDWALK REGENCY CORP. d/b/a CAESAR'S ATLANTIC CITY, <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> ACCENT FENCE AND NETWORK CONSTRUCTION CO., INC., <br><br> Third-Party Defendant. | Civil No. 10-1381 (JBS/AMD) |

### AMENDED SCHEDULING ORDER IN ARBITRATION CASE

This Scheduling Order confirms the directives given to counsel during the telephone status conference on September 15, 2010; and the Court noting the following appearances: Matthew B. Weisberg, Esquire, appearing on behalf of the plaintiffs; and Eric S. Malinowski, Esquire, appearing on behalf of the defendant; and for good cause shown:

IT IS this **15th** day of **September 2010**, hereby **ORDERED**:

1. The Court will conduct a telephone status conference on **November 3, 2010 at 11:30 A.M.**. Counsel for plaintiffs shall initiate the telephone call.

2. Pretrial factual discovery is hereby extended to **December 30, 2010.** All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

3. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

4. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendant not later than **January 28, 2011.** All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of defendant shall be served upon counsel for plaintiff not later than **February 28, 2011.** Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.

The parties shall reserve their rights to conduct depositions of proposed expert witnesses until after the arbitration process or by leave of the Court to be sought via conference call application.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

5. **Dispositive Motions**. The parties shall reserve their rights to file dispositive motions until after the arbitration process or by leave of the Court to be sought via conference call application.

6. **Arbitration.** This case will be scheduled for arbitration pursuant to Local Civil Rule 201.1  The Clerk will advise counsel of the time and place of arbitration. By copy of this Order, the Clerk will be requested to schedule the arbitration for a date in **March 2011.**

7. **Joint Final Pretrial Order.** If counsel petitions for a trial de novo after arbitration, the date for submission of the

Joint Final Pretrial Order will be scheduled and the date for trial will be set.

       8.   **Extensions of Time.**  There will be <u>no</u> further extensions of the deadlines set forth in this Order without good cause shown.

       **THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

       <u>s/ Ann Marie Donio</u>
       ANN MARIE DONIO
       United States Magistrate Judge

cc:   Hon. Jerome B. Simandle
     James Quinlan, Arbitration Clerk