IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT AND KATHERINE TRACY, <br><br> Plaintiffs, <br><br> v. <br><br> BOARDWALK REGENCY CORP., et al., <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil No. 10-1381 (JBS/AMD) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

This matter is before the Court on a motion by Plaintiffs to voluntarily dismiss the action without prejudice. [Docket Item 53.] THE COURT FINDS AS FOLLOWS:

1. Plaintiffs filed this action on March 13, 2010, alleging claims of negligence and products liability for injuries Plaintiff Robert Tracy suffered on May 13, 2008, within the scope of his employment. [Docket Item 1.]

2. On April 16, 2010, and June 6, 2010, Defendants answered Plaintiffs' Complaint. [Docket Items 5 & 16.]

3. On December 22, 2010, April 25, 2011, July 11, 2011, and August 1, 2011, counsel for Plaintiffs filed four successive motions to withdraw [Docket Items 33, 46, 49, & 51] reporting a continued inability to prosecute the action due to an inability to contact Plaintiffs. On August 2, 2011, counsel for Plaintiffs withdrew the most recent motion to withdraw, and filed a motion

for voluntary dismissal without prejudice. [Docket Item 53.]

4. Plaintiffs' counsel represents to the Court that Plaintiffs have indicated a "desire to withdraw this matter per their obtaining a 'green card' vis-à-vis relocating to Mexico in their retirement." Pls.' Mot. Vol. Dismiss ¶ 3. Defendants oppose the motion to the extent that it seeks dismissal without prejudice, and requests that the Court instead dismiss the action with prejudice, as Defendants argue the statute of limitations on Plaintiffs' claims have run and Defendants would be prejudiced by experiencing further delay and being denied a timely resolution to the action. [Docket Item 56.]

5. The Court will dismiss the action with prejudice. The motion by Plaintiffs to dismiss an action after a defendant has answered, as in the instant action, is governed by Fed. R. Civ. P. 41(a)(2), which states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the Court considers proper." Fed. R. Civ. P. 41(a)(2). The decision whether to grant a Rule 41(a)(2) motion to dismiss without prejudice falls within the discretion of the Court, <u>Sinclair v. Soniform, Inc.</u>, 935 F.2d 599, 603 (3d Cir. 1991). As a general rule, when considering a motion for voluntary dismissal under Rule 41(a)(2), the Court should exercise its discretion with the aim of limiting voluntary dismissals that could prejudice the opposing party and, if

necessary, impose curative conditions to prevent such prejudice. U.S. ex rel. Haskins v. Omega Inst., Inc., 11 F. Supp. 2d 555, 570 (D.N.J. 1998).

6. In support of their motion to dismiss without prejudice, Plaintiffs argue that no prejudice would be suffered because no discovery has yet been exchanged in the instant action, and additionally relies on the Court's Memorandum Opinion in Gravely v. Wabash National Corp., Civ. No. 09-5435, 2010 WL 3502757 (D.N.J. Aug. 31, 2010) (Simandle, J.). In that Opinion, the Court granted in part and denied in part a plaintiff's motion to voluntarily dismiss an action without prejudice under Rule 41(a)(2). The Court permitted dismissal without prejudice for a period of six months following the entry of the order, after which period the dismissal would be with prejudice. Id. at *2. The Court reasoned that this would prevent unnecessary prejudice to the defendants in that action, as it would permit them finality of judgment within a reasonable time of the dismissal of the action.

7. Aside from Plaintiffs' tacit admission that a reopening period limited to six months would be reasonable as in Gravely, there are important factors present in this case that warrant a dismissal with prejudice. Namely, as Defendant points out, the present action has been before this Court for well over a year, and Defendants have engaged in the cost of drafting two separate

answers [Docket Items 5 and 16] and a third-party complaint [Docket Item 19].  Further, the Court notes that, as more than three years have passed since Plaintiff's alleged injury, further delay in final resolution of this matter could potentially impair Defendants' ability to conduct adequate discovery should the matter be dismissed without prejudice and Plaintiffs reopen the action in the future.  Thus, dismissal with prejudice becomes appropriate, rather than subjecting Defendant to the uncertainty and expenses inherent in a case that is not final.

8.  The Court holds that finality should be afforded to Defendants in the instant action.  The Court will dismiss the action on terms it considers just in accordance with Rule 41(a)(2), which means, in this case, the action will be voluntarily dismissed with prejudice.  The accompanying Order will be entered.


**August 8, 2011**                         s/ Jerome B. Simandle
Date                                       JEROME B. SIMANDLE
                                           United States District Judge